UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                            CASE NO. 8:21-cr-3-TPB-AAS

MANUEL ALBERTO LUNA-WILSON

### *SENTENCING MEMORANDUM*

Manuel Alberto Luna-Wilson, the Defendant herein, provides the following relevant information regarding sentencing.

The undersigned previously filed an objection to the Presentence Investigation Report (PSI) as to paragraph 22, Specific offense characteristics. Defendant was given a two-level enhancement for allegedly being master of the vessel. He was designated with this title because he answered questions for the Coast Guard. The boat only contained two occupants. To designate one as the pilot and one as the co-pilot, and to give each an enhancement overly punishes their respective involvement. The Government advised that they would not object to the undersigned's argument. The case cited by Probation involves a boat with four (4) crewmen, one of who was an actual licensed captain. He had crewmen to direct. That is not the situation in the present case. If we were to follow the position of Probation, even a solo pilot would have to get the enhancement because he would obviously be the captain.

The just imposition of sentence is a difficult burden for a court. Statutes, guidelines, and general sentencing policies may provide direction but not complete assurance of right in any particular case. What is essential under our system is that

general or abstract principles do not take away from, but rather assist in the fair and humane consideration of the person involved.  Much has been said, usually in the context of political utterances, of the need to be harsh in the sentence of criminal defendants.  However, punishment is only one goal of the criminal justice system.

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution, deterrence, incapacitation, and rehabilitation. Taking into consideration the totality of the circumstances under § 3553(a), including calculations under the Guidelines, any punishment greater than necessary to accomplish these goals would constitute an unreasonable sentence.

The advisory guideline sentence in this matter is one hundred eight (108) to one hundred thirty-five (135) months incarceration.  If the enhancement is removed, the guideline sentence is eighty-seven (87) to one hundred eight (108) months incarceration. The Defendant submits that the bottom of either guideline sentence is greater than necessary to achieve the goals under §3553(a) and is unreasonable.  There are numerous factors which call for mitigation of this advisory sentence.  These include, but are not limited to:

a. **The nature and circumstances of the offense.**  Defendant's involvement in this matter involved absolutely no planning on his part.  During his proffer with Law Enforcement Officers he admitted speaking with an individual about the possibility of doing a job, but that was it.  Sometime later he was literally taken from the street and driven to the water and given instructions about what he and his co-defendant were supposed to do.  Defendant did not have time to tell anyone he was leaving.

b. **Defendant's remorse.** Not a day passes that Defendant doesn't regret what he has put his family through.

c. **Defendant's upbringing**. As detailed in the PSI, Defendant had a difficult upbringing. He was raised in an environment of extreme poverty and in a home devoid of love. He had to start work at the age of six (6) to help provide for the basic necessities.

d. **Defendant's mental condition.** Defendant suffers from untreated depression.

The Defendant's conduct since committing the offense, including his assistance to the judicial system and the government in waiving many substantive rights, both are evidence of the Defendant's sincere contrition and remorse, and resulted in the smooth facilitation of the administration of justice.

The court has broad discretion to achieve all the goals of the Sentencing Reform Act. In the instant case, these goals can be met without the imposition of lengthy imprisonment.

/s/ Samuel J. Williams
Samuel J. Williams, Esq.
6341 Grand Boulevard
New Port Richey, FL 34652
(727) 845-8701
Florida Bar Number: 363529
email: samwilliamslaw@gmail.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: David Pardo, United States Attorney's Office.

/s/ Samuel J. Williams

3